IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB -8 P 3: 52
\_\_\_\_ P. HACKETT, C\_\_
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan,**<br><br>    Plaintiff,<br><br>v.<br><br>**JACK J. RUSCH, an individual; and BARBOUR COUNTY HISTORICAL PRESERVATION AUTHORITY, a corporation;**<br>    Defendants. | CIVIL ACTION NO.: 2:06CV123-mht |

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Auto-Owners Insurance Company (hereinafter sometimes referred to as "Auto-Owners"), is a mutual insurance company incorporated and organized under the laws of the State of Michigan, having its principal place of business in the State of Michigan. Auto-Owners is not incorporated or organized in the State of Alabama or the State of Wisconsin and does not have its principal place of business in the State of Alabama or the State of Wisconsin. Plaintiff is authorized to do business in the State of Alabama.

2. Defendant Jack J. Rusch (hereinafter sometimes referred to as "Rusch") is believed to be over the age of 19 years and a resident citizen of Barbour County, State of Alabama or the State of Wisconsin. Defendant Rusch is not a resident citizen of the State of Michigan.

3. Defendant, Barbour County Historical Preservation Authority (hereinafter sometimes referred to as the "Authority"), is an Alabama nonprofit corporation organized under the laws of the State of Alabama including, <u>inter alia</u>, §§ 41-10-149 and/or 49-10-152, <u>Code of Alabama</u>, 1975, and has its principal place of business in Barbour County, State of Alabama. Defendant, Barbour County Historical Preservation Authority, is not incorporated or organized in the State of Michigan and does not have its principal place of business in the State of Michigan.

4. The matter in controversy which is the subject of the underlying state court action, Case No.: CV-05-93, and this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act 29 U.S.C. §2201, et. seq. Venue is proper pursuant to 28 U.S.C. §1391.

## COUNT I

5. Auto-Owners adopts by reference and realleges paragraphs 1, 2, 3 and 4 of the Parties Section of this complaint for declaratory relief and judgment as if fully set forth herein.

6. On or about May 24, 2005, Barbour County Historical Preservation Authority filed suit in the Circuit Court for Barbour County, Alabama, Eufaula Division. The suit was styled <u>Barbour County Historical Preservation Authority v. Jack J. Rusch et al.</u>, CV-05-93. (hereinafter sometimes referred to as "CV-05-93" and/or the "Barbour County Historical Preservation Authority lawsuit"). A true and correct copy of the complaint in CV-05-93 is attached hereto as Exhibit "1". Count One (Declaratory Judgment) of the complaint in CV-

05-93 demands a declaratory judgment. Count Two (Quiet Title/Adverse Possession) is an action to quiet title and/or acquire title to property by adverse possession. The specific allegations of the Barbour County Historical Preservation Authority in CV-05-93 are set forth in Exhibit "1" to this complaint for declaratory relief and judgment.

7. Auto-Owners Insurance Company is an insurance company that had in force certain policies of insurance for certain policy terms issued to Jack J. Rusch. Because there are no claims for damages which could be asserted in the underlying action, CV-05-93, which could survive more than ten years, it appears the only potentially applicable Auto-Owners insurance policies would be those Auto-Owners insurance policies in force for the policy terms since on or about May 24, 1995. For the policy terms from 9 March 1995 to 9 March 2006 had in force a Tailored Protection Policy of insurance issued to Jack J. Rusch DBA Bluff City Inn. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage, as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "2" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policy (minus the declaration pages) for the policy terms 9 March 1995 to 9 March 2006. The entire contents of Exhibit "2" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

3

8. It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all of the claims, damages and/or allegations asserted in the Authority's complaint in the Barbour County Historical Preservation Authority lawsuit (CV-05-93). Auto-Owners also contends that the claims, damages and/or allegations asserted or demanded in the complaint are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

    a.) The Commercial General Liability coverage contained in the policy (CG0001) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory." Because of those policy provisions, the complaint in CV-05-93 appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance policies.

    b.) Auto-Owners' Commercial General Liability coverage (CG0001) only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed by the Authority in CV-

          05-93 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

c.) The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability Coverage as being an "accident". The complaint includes claims that do not allege an occurrence as defined in the Auto-Owners policies.

d.) Alternatively, and to the extent the complaint in CV-05-93 may by construed by the Court to allege property damage, Exclusion 2.j contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage (CG0001) of the Auto-Owners' Tailored Protection Policies appears applicable to exclude coverage because any property damage alleged appears to be to property owned, rented or occupied by the insured and/or personal property in the care, custody or control of the insured.

e.) The complaint does not appear to seeks damages for breach of contract. To the extent the complaint in CV-05-93 may allege breach of contract against Jack J. Rusch, certain terms, conditions, limitations and exclusions in the policy appear applicable. The Commercial General Liability Coverage of the

5

       Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

f.) The complaint in CV-05-93 does not allege an advertising or personal injury offense; therefore, the complaint does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Commercial General Liability Coverage (CG0001) contains exclusions 2.a(4) and 2.b(1) which could be applicable to some or all of the claims alleged in CV-05-93 even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.) The complaint in CV-05-93 seeks the recovery of punitive damages which may be based on willful or intentional or intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

h.) Auto-Owners also asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the

standpoint of the insured and excluded by exclusion 2.a., of Section I, Coverage A of the Commercial General Liability Coverage. Auto-Owners also contends that such intentional wrongful conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

i.) Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for any intentional torts or intentional wrongful conduct alleged in the complaint.

9. Conversely, Jack J. Rusch is believed to contend that the Auto-Owners Insurance Company's policies of insurance cover some or all of the allegations, damages and/or actions contained in the complaint, and Jack J. Rusch has demanded coverage for defense and indemnity. Due to the fact no coverage appears to exist for defense or indemnity, Auto-Owners has not assumed the defense of Defendant Rusch and has filed this declaratory judgment action seeking this Court's determination as to coverage.

10. Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Jack J. Rusch in the above-styled lawsuit filed by the Barbour County Historical Preservation Authority and pending in the Circuit Court of Barbour County, Alabama, Eufaula Division, Civil Action No. CV-05-93. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the

complaint, will enter a final judgment which orders and declares as follows:

    A.    That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Jack J. Rusch under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by the Barbour County Historical Preservation Authority in the Circuit Court of Barbour County, Alabama, Eufaula Division, Civil Action No. CV-05-93.

    B.    That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Jack J. Rusch and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by the Barbour County Historical Preservation Authority in the Circuit Court of Barbour County, Alabama, Eufaula Division, Civil Action No. CV-05-93.

    C.    That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendant, Jack J. Rusch for any of the claims or damages set forth in the complaint and lawsuit filed in the Circuit Court of Barbour County, Alabama, Eufaula Division, Civil Action No. CV-05-93.

    D.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Jack J. Rusch.

    E.    That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under

these premises considered.

_____
Roger S. Morrow, MOR032

_____
Joel H. Pearson, PEA019
Attorneys for Plaintiff, Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742


**Plaintiff requests that the Defendants be served by certified mail at the following addresses:**

    Barbour County Historical Preservation
    Authority
    c/o Walter Calton
    P.O. Box 696
    Eufaula, Alabama 36027

    Mr. Jack J. Rusch
    104 East Broad Street
    Eufaula, Alabama 36027

    Mr. Jack J. Rusch
    400 Rusch Road
    Antigo, Wisconsin 54409-2957

9