IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 28  A 9: 47

AUTO-OWNERS INSURANCE }
COMPANY, a mutual insurance }
company incorporated in the }
State of Michigan, }
 }
    Plaintiff }
 }
vs. }  CIVIL ACTION NO.: 2:06CV123-T
 }
 }
JACK J. RUSCH, an individual; and }
BARBOUR COUNTY HISTORICAL }
PRESERVATION AUTHORITY }
a corporation; }
 }
    Defendants. }

# ANSWER, MOTION TO DISMISS AND BRIEF OF DEFENDANT BARBOUR COUNTY HISTORICAL PRESERVATION AUTHORITY

**COMES NOW** Defendant, the BARBOUR COUNTY HISTORICAL PRESERVATION AUTHORITY, and files this its Answer, Motion to Dismiss and accompanying Brief, to-wit:

## ANSWER

Barbour County Historical Preservation Authority answers the allegations in the Complaint by denying all allegations not expressly admitted. Barbour County Historical Preservation Authority further states that it answers the allegations contained in the Complaint on the basis of information

currently available to it and expressly reserves the right to amend its answer and affirmative defenses as it obtains additional information. As to each specific allegation of the Complaint, Barbour County Historical Preservation Authority responds as follows:

1. Barbour County Historical Preservation Authority has insufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint. Accordingly, they are denied at this time.

2. Admitted.

3. Admitted.

4. Barbour County Historical Preservation Authority has insufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint. Accordingly, they are denied at this time.

**Count I**

5. Admitted or denied as set forth above.

6. Admitted.

7. Barbour County Historical Preservation Authority has insufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint. Accordingly, they are denied at this time.

8. Admitted.

9. Admitted.

10. Barbour County Historical Preservation Authority admits the allegations of paragraph 10 insofar as they apply to it; but has insufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint as they apply to Plaintiff and Defendant

Rusch. Accordingly, they are denied at this time.

Barbour County Historical Preservation Authority shows that the prayer for relief filed by Auto-Owners seeks no relief against it, and therefore cannot admit or deny the Auto-Owners is entitled to any relief.

## DEFENSES

1. Barbour County Historical Preservation Authority denies all claims against it.

2. Barbour County Historical Preservation Authority denies all liability and demands strict proof thereof.

3. Barbour County Historical Preservation Authority asserts improper jurisdiction over the subject matter.

4. Barbour County Historical Preservation Authority asserts lack of jurisdiction over the subject person.

5. Barbour County Historical Preservation Authority asserts insufficiency of process.

6. Barbour County Historical Preservation Authority asserts insufficiency of service of process.

7. Barbour County Historical Preservation Authority asserts failure to state a claim upon which relief can be granted against it.

## MOTION to DISMISS

Pursuant to Fed.R.Civ.P., Rule 12(b)(6), Barbour County Historical Preservation Authority moves this Court to Dismiss it, with prejudice, from this litigation, on grounds that the Complaint fails

to state a claim upon which relief can be granted against it.

1. Barbour County Historical Preservation Authority is not a party to any insurance transactions between Auto-Owners and Rusch.

2. The Complaint seeks no relief against Barbour County Historical Preservation Authority.

3. Any relief granted by this Court to Auto-owners will have no effect whatsoever on Barbour County Historical Preservation Authority or its litigation against Rusch.

WHEREFORE, Barbour County Historical Preservation Authority respectfully requests the Court to dismiss it from this cause, with prejudice and costs against Auto-Owners.

## BRIEF in SUPPORT of MOTION to DISMISS

1. As shown by Exhibit 1 to the Complaint, Barbour County Historical Preservation Authority brought an action against Rusch in the District Court of Barbour County, Alabama.

2. Barbour County Historical Preservation Authority assumes, from the action filed against it and Rusch by Auto-Owners, that Rusch has made a claim against Auto-Owners to provide a defense for him in this action.

3. As stated above, Auto-Owners requests no relief against Barbour County Historical Preservation Authority except that Auto-Owners asks this court to in a general way to declare the rights of the parties herein.

4. Barbour County Historical Preservation Authority is not involved nor alleged by Auto-Owners to be involved with, a party to, or in any way connected with or affected by its insurance policy with Rusch.

5. A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint. The action should be dismissed only in those cases where movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); accord, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Fuller v. Johannessen*, 76 F.3d 347, 349-350 (11th Cir.1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); accord, *Swierkiewicz v. Sorema*, N.A., 515 U.S. 506, 515, 115 S.Ct. 2310, 132 L.Ed.2d 444 (2002). at 995" as cited by *N.A. ex rel. Ainsworth v. Inabinett*, 2006 WL 297222, *1 (M.D.Ala. 2006); see also: *Stevens v. East Alabama Health Care Authority*, 2005 WL 3288735, *3-*4 (M.D.Ala. 2005)[1].

6. The Court may only look at the pleadings when deciding a Rule 12(b)(6) motion., *Public Citizen, Inc. v. Miller*, 992 F.2d 1548 (11th Cir. 1993). Further the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the nonmoving party. *Hishon, supra.*, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985) as cited in *Hancock v. Dana Corp.* 2005 WL 3310507, *1 (M.D.Ala. 2005).

---

[1] The *Stevens* Court stated: "A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. See *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); see also *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").In considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. See *Hishon*, 467 U.S. at 73. This standard imposes an "exceedingly low" threshold for the nonmoving party to survive a motion to dismiss for failure to state a claim. See *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985)." at 4.

7. The action is brought pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201. That act specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy."[2] See *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985). An "actual controversy" exists only when, based on the facts, **there is a substantial continuing controversy between parties having adverse legal interests**. *Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972), all emphases added. This continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir., 1999). The remote possibility that a future injury may happen is not sufficient to satisfy the "actual controversy" requirement for declaratory judgments. See *City of Los Angeles v. Lyons*, 461 U.S. at 103, 103 S.Ct. at 1666 (1983).

8. In *Short v. Allstate Credit Bureau*, 370 F.Supp.2d 1173, 1182 (M.D.Ala. 2005), this Court explained:

> At an irreducible minimum, the party who invokes the court's authority under Article III must show: (1) that he or she personally has suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

9. Accepting all the allegations make in the Complaint as true, and viewing them in a

---

[2] 28 U.S.C. § 2201 provides, in pertinent part, emphasis added:
(a) **In a case of actual controversy within its jurisdiction**, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

light most favorable to Auto-Owners, no actual controversy between Auto-owners and Barbour County Historical Preservation Authority is presented. There is no actual or threatened injury to Auto-Owners from any action of Barbour County Historical Preservation Authority, much less an injury which can be redressed by a decision of this court in favor of Auto-Owners against Barbour County Historical Preservation Authority.

10. There is no controversy between Auto-Owners and Barbour County Historical Preservation Authority, and the pleadings fail to show any adverse legal interest between the parties.

Based on the facts pleaded by Auto-Owners, and the law set out above, Defendant Barbour County Historical Preservation Authority respectfully states that this Motion to Dismiss should be granted as there is no Actual Controversy existing between the parties.

THE BARBOUR COUNTY HISTORICAL
PRESERVATION AUTHORITY

By: /s/ Walter B. Calton
Walter B. Calton (CAL036)
Attorney for the Authority

312 East Broad Street
P.O. Box 696
Eufaula, Ala. 36072

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 24 day of March, served a copy of the foregoing pleading via First Class United States Mail, postage prepaid and properly addressed to the following counsel of record:

Mr. Roger S. Morrow
Mr. Joel H. Pearson
Morrow, Romine & Pearson, P.C.
Montgomery, Al 36103-4804

Mr. Richard A. Harrison, III, Esquire

P. O. Box 339
Eufaula, Al 36072-0339

Mr. Peter A. McInish, Esquire
Mr. William W. Nichols, Esquire
Lee & McInish Attorneys, P.C.
P. O. Box 1665
Dothan, AL 36302

_____
Of Counsel