IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 APR 11  P 3: 42

D. P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:06-cv-123-MHT |
| JACK J. RUSCH, an individual; and BARBOUR COUNTY HISTORICAL PRESERVATION AUTHORITY, a corporation; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO MOTION TO DISMISS**

**COMES NOW**, Plaintiff, Auto-Owners Insurance Company, and pursuant to the March 30, 2006, order of this Honorable Court, and files Plaintiff's response and brief in opposition to the motion to dismiss heretofore filed in this action by Defendant, Barbour County Historical Preservation Authority, on or about March 27, 2006, as follows, to wit:

I.

**Facts**

This action (2:06-cv-0123-MHT) is a declaratory judgment action wherein Plaintiff, Auto-Owners Insurance Company, seeks a declaration that Auto-Owners is not obligated to provide a defense or indemnity to Jack J. Rusch under policies of insurance issued to Jack J. Rusch regarding the claims, allegations, damages and/or actions alleged in that certain action styled <u>Barbour County Historical Preservation Authority v. Jack J. Rusch, et</u>

al., CV-05-93, filed on or about May 24, 2005 in the Circuit Court for Barbour County, Alabama, Eufaula Division, and docketed therein as civil action number CV-05-93 (hereinafter sometimes referred as "CV-05-93" and/or the "Barbour County Historical Preservation Authority lawsuit").  A copy of the complaint filed in the underlying Barbour County Historical Preservation Authority lawsuit (CV-05-93) is attached as Exhibit "1" to Auto-Owners' complaint for declaratory judgment.  In support of this response and opposition, Auto-Owners adopts by reference in its entirety Auto-Owners' complaint for declaratory judgment and all exhibits thereto filed in this action.  Count I of the complaint in the underlying lawsuit (CV-05-93) is entitled declaratory judgment and demands declaratory relief.  Count II of the complaint in the underlying lawsuit (CV-05-93) is entitled Quiet Title/Adverse Possession and is an action to quiet title and/or acquire property by adverse possession.  As stated above, the specific allegations of the Barbour County Historical Preservation Authority in CV-05-93 are set forth in Exhibit "1" to the complaint for declaratory relief and judgment filed by Auto-Owners herein.

The Barbour County Historical Preservation Authority (BCHPA) has filed a motion to dismiss which is pending herein which asserts Auto-Owners' complaint for declaratory judgment is due to be dismissed on grounds that it fails to state a claim upon which relief can be granted against the BCHPA because the BCHPA is not a party to any transactions between Auto-Owners and Rusch, the complaint seeks no relief against the BCHPA, and any relief granted by this Court to Auto-Owners will have no effect on the BCHPA or its litigation against Rusch.  See, Document 6 at p. 4.  The only substantive argument made by the BCHPA in its supporting brief is that the complaint for declaratory judgment does not present an actual controversy.  See, id. at p. 4-8.

2

## II.

### There is No Basis for the Dismissal of Auto-Owners' Complaint for Declaratory Judgment

Defendant BCHPA's motion to dismiss does not assert that this Court lacks diversity jurisdiction of this action. See, Document 6 at p. 4. As stated above, the BCHPA's sole basis for the dismissal of this action is its assertion that Auto-Owners' complaint fails to state a claim against BCHPA upon which relief can be granted because the BCHPA is not a party to the insurance transactions between Auto-Owners and Rusch, Auto-Owners' complaint seeks no relief against the BCHPA, and any relief granted by this Court to Auto-Owners will have no effect on the claims of the BCHPA in the underlying litigation. See, Document 6 at p. 4. The only legal authority cited by the BCHPA is general authority that a declaratory judgment may be issued only if an actual controversy exists.

The Eleventh Circuit Court of Appeals and the Middle District have held that "the Declaratory Judgment Act. . . should be liberally construed to achieve the objectives of the declaratory remedy, which objectives include affording one threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy." See, Cameron &Barkley Co. v. Fabreeka Int'l, Inc., 144 F. Supp. 2d 1382, 1384 (M.D. Ga. 2001), citing, McDougald v. Jenson, 786 F. 2d 1465, 1481 (11th Cir. 1986); see also Thomas v. Vaughn, 915 F. Supp. 1177, 1180 (M.D. Ala. 1995). In Employer's Mutual Casualty Co. v. Evans, 76 F. Supp. 2d 1257 (N.D. Ala. 1999), the Northern District stated:

> "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. §2201 (1988), the threshold question is whether a justiciable controversy exists." Atlanta Gas Light Co. v. Aetna Casualty and Surety Co., 68 F. 3d 409, 414 (11th Cir. 1995) (footnote omitted). The Constitution of the United States

3

allows federal judicial power to extend only to actual "cases or controversies." U. S. Const. Art. III, §2; see also Atlanta Gas, 68 F. 3d at 414. "Whether such a controversy exists is determined on a case-by-case basis." Atlanta Gas, 68 F. 3d at 414, quoting, United States Fire Ins. Co. v. Caulkins Indiantown Citrus, 931 F. 2d 744, 747 (11th Cir. 1991).

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L. Ed. 826 (1941).

\* \* \*

In Cincinnati Insurance Co. v. Holbrook, 867 F. 2d 1330 (11th Cir. 1989), abrogated on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995), the Eleventh Circuit held that even though the liability issue had not yet been resolved in the state court, the federal courts were not automatically closed to the insurer seeking declaratory relief. Rather, the federal court could determine any obligation on the part of the insurer to defend the insured in the state court case. See, id. at 1333.

\* \* \*

Id. at p. 1260-1262.

Federal courts including those in this circuit have long recognized that alleged injured parties like the BCHPA are necessary parties to a declaratory judgment action by an insurer. See, Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S. Ct. 510 (1941)(A "case or controversy" exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured). See also, Florida Inter. Indemnity Co. v. City of Metter, Ga., 952 F. 2d 1297, 1302, fn. 22 (11th Cir. 1992); Central Sur. Ins. Corp. v. Caswell, 91 F. 2d 607, 609 (C.A. 5 1937) (injured passengers are necessary parties to declaratory judgment

4

action); Dairyland Insurance Co. v. Makover, 654 F. 2d 1120, 1123 (5th Cir. Unit B, 1981).[1]

Alabama courts have recognized that insurers have compelling reasons to seek judicial determination of its liability under insurance policies and have further recognized that it is the duty of the judge to adjudicate the decisive issues involved in the controversy and to make binding declarations concerning such issues. See, Federated Guaranty Life Ins. Co. v. Bragg, 393 So. 2d 1386, 1389 (Ala. 1981). Alabama courts have stated declaratory relief is especially useful in insurance policy disputes and have stated that neither party to an insurance contract should be compelled to wait until the events giving rise to liability have occurred before having a determination of the rights and obligations under the policy. See, id. at 1389.

This Court sitting in diversity is bound to application of Alabama law. See, Norton v. Belarus Machinery of USA, Inc., 2005 WL 1501452 (M.D. Ala. 2005). This Court in Norton stated that Alabama courts, applying Alabama's Declaratory Judgment Act [6-6-220, *et seq.*], have held that a justiciable controversy exists between an insurer who brings a declaratory judgment action on the issue of coverage and joins the tort plaintiff who has a suit pending against the insured. Id. at p. 6; see also, American Automobile Ins. Co. v. English, 266 Ala. 80, 83-84, 94 So. 2d 397, 399 (1975) (an injured party who has initiated a lawsuit against an insured party is a material party to a declaratory judgment action regarding insurance coverage). In fact, the Alabama Declaratory Judgment Act requires all persons affected by the declaration to be made parties. See, §6-6-227, Code of

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc) this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

Alabama, 1975.[2] Furthermore, pursuant to Alabama's "direct action" statute, §27-23-2, BCHPA basically stands in the shoes of the insured and can enforce liability thereunder. See, English, 94 So. 2d at p. 399. BCHPA is, therefore, a necessary party. See, id.; see also, §27-23-2, Code of Alabama, 1975. In Norton, Judge DeMent recognized that "[t]here is good reason for permitting the joinder of persons in [BCHPA's] position by an insurer seeking declaratory relief" and stated "[i]f they were not joined they would not be bound by a favorable judgment of noncoverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations". See, Norton, supra, 2005 WL 1501452 at p. 6, fn. 8.

There is clearly a justiciable controversy between the parties. Although the BCHPA is not a party to the insurance agreement between Auto-Owners and Rusch, the BCHPA is nonetheless a material and necessary party to this action, so that the BCHPA is bound by the Court's determination of the coverage issues herein. Although the BCHPA is a necessary party to this action and Auto-Owners, therefore, opposes the dismissal of the BCHPA from this case, Auto-Owners does not oppose the Court relieving counsel for the BCHPA from participating in pre-trial or other proceedings in this case so long as the BCHPA agrees to be bound by the coverage determinations by the Court.

Dated this the 11th day of April, 2006.

---

[2]§27-23-2 would preclude a pre-judgment declaratory judgment action by the BCHPA against Auto-Owners; however, the converse is not true. See, Norton, supra; see also, Knox v. Western World Ins. Co., 893 So. 2d 321 (Ala. 2004); Maness v. Ala. Farm Bur. Mut. Cas. Co., 416 So. 2d 979 (1982).

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
Attorneys for Plaintiff
Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P. C.
122 South Hull Street
P. O. Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 11th day of April, 2006.

Hon. Walter Calton
Calton & Rutland, LLC
P.O. Box 696
Eufaula, Alabama 36027

_____
Of Counsel

7