IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan, ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:06-cv-123-MHT |
| JACK J. RUSCH, an individual; and BARBOUR COUNTY HISTORICAL PRESERVATION AUTHORITY, a corporation; ) ) ) ) ) | |
| Defendants. ) ) | |

## MOTION OF PLAINTIFF AUTO-OWNERS INSURANCE COMPANY FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT, JACK J. RUSCH OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

**COMES NOW** Plaintiff, Auto-Owners Insurance Company (Auto-Owners), and moves this Honorable Court to enter judgment by default against Defendant Jack Rusch on the following grounds:

1. The Summons and Complaint for Declaratory Relief and Judgment were filed on or about February 8, 2006.

2. Defendant Jack J. Rusch (Defendant Rusch) was personally served with the Complaint for Declaratory Relief and Judgment on or about April 12, 2006. (See, Doc. 14). A true, accurate and genuine copy of the signed, return of service was filed with the Court on April 19, 2006. See, id.

3. Defendant Jack J. Rusch's answer or other response to the Complaint for

Declaratory Relief and Judgment was due on or before May 2, 2006.

4. Plaintiff, Auto-Owners, previously filed a request for clerk's entry of default of Defendant Rusch on May 9, 2006, which request (Doc. 17) is adopted by reference as if fully set forth herein.

5. The clerk entered the default of Defendant, Jack J. Rusch on May 16, 2006. (Doc. 18).

6. That Defendant Rusch has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and more than twenty (20) days have passed since service of the summons and complaint. Judgment by default in favor of Plaintiff and against Defendant, Jack J. Rusch, is due to be entered pursuant to Rule 55 of the *Federal Rules of Civil Procedure* (*FRCP*).

7. Plaintiff, Auto-Owners Insurance Company, requests that this Court enter default declaratory judgment against Jack J. Rusch granting Plaintiff, Auto-Owners Insurance Company, the relief requested by Plaintiff in its Complaint for Declaratory Relief and Judgment and in its brief in support of this motion, including a judgment declaring that Auto-Owners has no duty to defend Defendant Rusch in the underlying action. Because Defendant's default has been entered, the facts are uncontroverted and admitted by the default of Defendant, and there has been no opposition by any party regarding a finding by the Court as to Auto-Owners' duty to indemnify, Auto-Owners further requests that the Court's judgment declare that Auto-Owners has no duty to pay any judgment based on the claims stated in the complaint in the underlying action CV-05-93. The contents of Auto-Owners' evidentiary submission and supporting brief filed contemporaneously herewith are adopted by reference herein.

8. Alternatively, and in the event the Court determines for any reason that default judgment in favor of Auto-Owners for the relief requested is not appropriate, Auto-Owners alternatively requests the Court to enter judgment on the pleadings pursuant to Rule 12(c),*FRCP*, or summary judgment pursuant to Rule 56, *FRCP*, in favor of Auto-Owners for the relief requested in Auto-Owners' Complaint for Declaratory Relief and Judgment and for grounds Auto-Owners says that there is no genuine issue as to any material fact and that Plaintiff, Auto-Owners Insurance Company, is entitled to a judgment as a matter of law. Auto-Owners avers that it does not owe insurance coverage for defense or indemnity, and that it does not have a duty to defend or pay any damages, judgment or settlement for any of the claims, damages or events alleged in the underlying action styled <u>Barbour County Historical Preservation Authority v. Jack J. Rusch et al.</u>, Civil Action No.: CV-05-93 pending in the Circuit Court for Barbour County, Eufaula Division, Alabama. In support of Auto-Owners' alternative motion for judgment on the pleadings or summary judgment, Auto-Owners adopts by reference Auto-Owners' brief and evidentiary submission filed contemporaneously herewith.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiff, Auto-Owners Insurance Company, requests this Honorable Court to enter a declaratory judgment by default against, Defendant, Jack J. Rusch, and in favor of Plaintiff, Auto-Owners Insurance Company, for the relief requested herein by Plaintiff and in Plaintiff's Complaint for Declaratory Relief and Judgment or, in the alternative, to enter judgment on the pleadings or summary judgment in Auto-Owners' favor.

Dated this the 27th day of June, 2006.

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
Attorneys for Plaintiff
Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P. C.
122 South Hull Street
P. O. Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Facsimile:   (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 27th day of June, 2006.

Mr. Jack J. Rusch
114 North Eufaula Avenue
Eufaula, AL 36027

Mr. Jack J. Rusch
400 Rusch Road
Antigo, WI 54409-2957

Mr. Jack J. Rusch
104 East Broad Street
Eufaula, AL 36027

_____
Of Counsel