IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 27 P 4: 25

L. ........
........ DISTRICT COURT
MIDDLE DISTRICT ALA

AUTO-OWNERS INSURANCE
COMPANY, a mutual insurance
company incorporated in the
State of Michigan,

    Plaintiff,

v.

JACK J. RUSCH, an individual; and
BARBOUR COUNTY HISTORICAL
PRESERVATION AUTHORITY, a
corporation;

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.: 2:06-cv-123-MHT

## BRIEF OF PLAINTIFF, AUTO-OWNERS INSURANCE COMPANY, IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

    **COMES NOW** Plaintiff, Auto-Owners Insurance Company, (Auto-Owners), and files this brief in support of Auto-Owners' motion for judgment by default or, in the alternative, motion for judgment on the pleadings or for summary judgment heretofore filed in this cause as follows, to wit:

I

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

    This action is a declaratory judgment action wherein Plaintiff, Auto-Owners Insurance Company (Auto-Owners) seeks a determination that Auto-Owners insurance policies issued to Jack J. Rusch do not provide liability insurance coverage for the claims, allegations, damages and/or actions alleged in that certain underlying action styled Barbour County Historical Preservation Authority v. Jack J. Rusch, et al., CV-05-93 pending in the

Circuit Court of Barbour County, Alabama Eufaula Division (hereinafter sometimes referred to as "CV-05-93", and/or the "underlying action" and/or the "Barbour County Historical Preservation lawsuit").

Jurisdiction of this action is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act, 29 U.S.C. §2201, *et seq.* It is uncontroverted that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs as the underlying action relates in part to an option to purchase property in the sum of eighty thousand dollars ($80,000.00) (See, Exhibit "1" at ¶ 27) and unpaid taxes in excess of fifty thousand dollars ($50,000.00) (See, Exhibit "1" at ¶ 39) and/or unpaid rental in excess of one hundred twenty thousand dollars ($120,000.00) (See, Exhibit "1" at ¶ 23 and 24). It is further uncontroverted that complete diversity exists. See, Auto-Owners complaint herein at ¶'s 1-4. Plaintiff Auto-Owners is for diversity purposes a resident citizen of the State of Michigan. Neither Defendant in this action is for purposes of diversity a resident citizen of the State of Michigan. See, id. at ¶'s 2 and 3. One or more of the Defendants is for diversity purposes a resident citizen of the Middle District of Alabama, Northern Division, and the subject property is located therein. See, id; see also, Exhibit "2" at ¶13 and 21 and Exhibits "A" through "J" thereto. Venue is, therefore, also proper herein pursuant to 28 U.S.C. ¶1391(a).

Auto-Owners' complaint for declaratory relief and judgment was filed on February 8, 2006. (Doc. 1). Defendant, Barbour County Historical Preservation Authority, filed its answer on March 24, 2006. (Doc. 6). Defendant, Jack J. Rusch (hereinafter sometimes referred to as "Defendant Rusch"), was personally served with the summons and complaint

2

for declaratory relief and judgment on April 12, 2006. (See, Doc. 14). No answer has been filed on behalf of Defendant, Jack J. Rusch. A request for Clerk's entry of default of Defendant, Jack J. Rusch was filed by Plaintiff on May 9, 2006. (See, Doc. 17). Entry of default was entered by the Clerk of the Court on May 16, 2006. (See, Doc. 18). Following a hearing held on April 19, 2006, this Honorable Court entered an order dismissing Defendant, Barbour County Historical Preservation Authority based on the stipulation that Defendant, Barbour County Historical Preservation Authority would be bound by the Court's determination as to Defendant Jack J. Rusch's insurance coverage. (See, Doc. 15). This action is presently pending before the Court on Auto-Owners' motion for judgment by default or, in the alternative, motion for judgment on the pleadings or for summary judgment.

This brief and the evidentiary submission filed contemporaneously herewith are submitted in support of Auto-Owners' motion for entry of judgment by default pursuant to Rule 55(a)(2) of the *Federal Rules of Civil Procedure* based on the pleadings and terms of the insurance policy. Any facts alleged are uncontroverted because default has been entered; however, the evidentiary submission based on the pleadings and insurance policy that have been admitted by the default of the Defendant support the Court's entry of default judgment in favor of Auto-Owners pursuant to Rule 55(a)(2) of the *Federal Rules of Civil Procedure*, and also support the Court's entry of default judgment granting Auto-Owners the requested declaratory relief that Auto-Owners has no duty to defend Defendant Rusch and no duty to pay any judgment against Defendant Rusch in the underlying action CV-05-93. Alternatively, and in the event the Court determines for any reason that default judgment in favor of Auto-Owners for the relief requested is not appropriate, Auto-Owners

3

alternatively requests the Court to enter judgment on the pleadings pursuant to Rule 12(c) or summary judgment pursuant to Rule 56 in favor of Auto-Owners for the relief requested in Auto-Owners' complaint for declaratory relief and judgment.

Defendant, Barbour County Historical Preservation Authority, filed the underlying action CV-05-93 in the Circuit Court for Barbour County, Alabama, Eufaula Division on May 24, 2005. The suit was styled <u>Barbour County Historical Preservation Authority v. Jack J. Rusch et al.</u>, CV-05-93. A true and correct copy of the complaint in CV-05-93 is attached as Exhibit "1" to Auto-Owners' Evidentiary Submission (hereinafter referred to as "evidentiary submission") filed contemporaneously herewith. Count One (Declaratory Judgment) of the complaint in CV-05-93 demands a declaratory judgment. Count Two (Quiet Title/Adverse Possession) is an action to quiet title and/or acquire title to property by adverse possession. The specific allegations of the Barbour County Historical Preservation Authority in CV-05-93 are set forth in Exhibit "1" to the evidentiary submission.

Auto-Owners Insurance Company had in force certain policies of insurance for certain policy terms issued to Jack J. Rusch. Because there are no claims for damages which could be asserted in the underlying action, CV-05-93, which could survive more than ten years, it appears the only potentially applicable Auto-Owners insurance policies would be those Auto-Owners insurance policies in force for the policy terms since on or about May 24, 1995. For the policy terms from 9 March 1995 to 9 March 2006 Auto-Owners had in force a Tailored Protection Policy of insurance issued to Jack J. Rusch DBA Bluff City Inn. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage, as defined and limited in the

4

policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Exhibits "2" through "12" to Auto-Owners' evidentiary submission are true and correct copies of the above-referenced Auto-Owners insurance policies for the policy terms 9 March 1995 to 9 March 2006. The entire contents of evidentiary submission Exhibits "2" through "12" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

Due to the fact no coverage appears to exist for defense or indemnity, Auto-Owners has not assumed the defense of Defendant Rusch in the underlying action (CV-05-93) and has filed this declaratory judgment action seeking this Court's determination as to coverage. Auto-Owners contends that its policies do not provide liability insurance coverage for any of the claims asserted against Defendant Jack J. Rusch in the underlying action, CV-05-93, pending in the Circuit Court for Barbour County, Alabama, Eufaula Division. Auto-Owners contends that its does not owe insurance coverage for defense or indemnity for the claims, damages, allegations or actions against Jack J. Rusch in CV-05-93 pending in the Circuit Court of Barbour County, Alabama, Eufaula Division.

Section I, Coverage A of Auto-Owners' Commercial General Liability Coverage in force from 9 March 1995 to 9 March 1996 provides as follows:

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement.**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)  The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payments of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS COVERAGES A AND B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)  The "bodily injury" or "property damage" occurs during the policy period.

c.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

## 2.  Exclusions.

This insurance does not apply to:

a.  "Bodily injury" or "property damage" expected or

6

intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. [CG 00011188

The Commercial General Liability Coverage (CGL) of the Auto-Owners insurance policies in force from 9 March 1995 to 9 March 2006 defines bodily injury, property damage and occurrence as follows:

### SECTION V - DEFINITIONS

* * *

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any one time.

* * *

12.     "Property damage" means:

     a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

     b.      Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

9.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Section I, Coverage B, Personal and Advertising Injury, contained in the Commercial General Liability Coverage in force from 9 March 1995 to 9 March 2006

7

provides as follows:

## COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY.

1.  **Insuring Agreement.**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

   (1)  The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

   (2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

   b.  This insurance applies to:

   (1)  "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

   (2)  "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

8

but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

The Commercial General Liability Coverage (CGL) of the Auto-Owners Insurance policies in force from 9 March 1995 to 9 March 2006 defines "advertising injury" and "personal injury" as follows:

## SECTION V - DEFINITIONS

1.     "Advertising injury" means injury arising out of one or more of the following offenses:

   a.     Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   b.     Oral or written publication of material that violates a person's right of privacy;

   c.     Misappropriation of advertising ideas or style of doing business; or

   d.     Infringement of copyright, title or slogan.

\* \* \*

10.    "Personal injury" means, other than "bodily injury", arising out of one or more of the following offenses:

   a.     False arrest, detention or imprisonment;

   b.     Malicious prosecution;

   c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

   d.     oral or written publication of material that

slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e.      Oral or written publication of material that violates a person's right of privacy.

II

## THE COURT HAS JURISDICTION AND VENUE TO ENTER JUDGMENT IN THIS ACTION

Jurisdiction of this action is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act, 29 U.S.C. §2201, *et seq.* It is uncontroverted that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs as the underlying action relates in part to an option to purchase property in the sum of eighty thousand dollars ($80,000.00) (See, Exhibit "1" at ¶ 27) and unpaid taxes in excess of fifty thousand dollars ($50,000.00) (See, Exhibit 1 at ¶ 39) and/or unpaid rental in excess of one hundred and twenty thousand dollars ($120,000.00) (See, Exhibit 1 at ¶ 23 and 24). It is further uncontroverted that complete diversity exists. See, Auto-Owners' complaint herein at ¶'s 1-4. Plaintiff Auto-Owners is for purposes of diversity a resident citizen of the State of Michigan. Neither Defendant in this action is for purposes of diversity a resident citizen of the State of Michigan. See, id. at ¶'s 2 and 3. One or more of the Defendants is for diversity purposes a resident citizen of the Middle District of Alabama, Northern Division, and the subject property is located therein. See, id; see also, Exhibit "2" at ¶13 and 21 and Exhibits "A" through "J" thereto. Venue is, therefore, also proper herein pursuant to 28 U.S.C. ¶1391(a).

III.

## JUDGMENT BY DEFAULT IS DUE TO BE ENTERED AGAINST DEFENDANT RUSCH

### A.   Default Judgment Is Proper

The default of Defendant, Jack J. Rusch was previously entered by the Clerk of this court pursuant to Auto-Owners' request. (See, Doc. 18). As more fully appears from the return of service and supporting affidavit attached to Auto-Owners' Request for Clerk's Entry of Default (Doc. 17), Defendant, Jack J. Rusch was served with the summons and complaint on April 12, 2006. (See also, Doc. 14). More than twenty days have passed since the service of the summons and complaint and Defendant Jack J. Rusch has failed to plead or otherwise defend this action as provided by the *Federal Rules of Civil Procedure*.

Pursuant to Rule 55 of the *Federal Rules of Civil Procedure*, Auto-Owners has requested judgment by default in its favor and against Defendant, Jack J. Rusch. Default judgment has been held by this Court to be warranted in similar cases and circumstances. See, State Auto Property and Casualty Insurance Company v. Calhoun, 2005 WL 240655 (M.D. Ala. 2005); see also, Auto-Owners Ins. Co. v. Gilland-Wyant Imports, Inc., Civil Action No. 99-A-404-S, aff'd, 247 F. 3d 248 (11th Cir. 2001) (evidentiary submission Exhibit "13").

To the extent judgment by default is not entered against Defendant, Jack J. Rusch, Auto-Owners requests the entry of judgment on the pleadings pursuant to Rule 12(c) and/or summary judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure* in

11

Auto-Owners' favor and against Defendant Rusch[1].

The relief requested by Auto-Owners on judgment by default includes Auto-Owners' request that this Honorable Court enter judgment declaring that Auto-Owners has no duty to defend Defendant Rusch and no duty to pay any judgment against Defendant Rusch and in favor of the Barbour County Historical Preservation Authority in the underlying action (CV-05-93) pending in the Circuit Court for Barbour County, Alabama, Eufaula Division. The following sections of this brief set forth the reasons Auto-Owners is entitled to judgment by default pursuant to Rule 55(a)(2) of the *Federal Rules of Civil Procedure* based on the pleadings and terms of the insurance policy. Any facts alleged are uncontroverted because default has been entered; however, the evidentiary submission based on the pleadings and insurance policy that have been admitted by the default of the Defendant support the Court's entry of default judgment in favor of Auto-Owners pursuant to Rule 55(a)(2) of the *Federal Rules of Civil Procedure*, and the Court's entry of default judgment granting Auto-Owners the requested declaratory relief that Auto-Owners has no duty to defend Defendant Rusch and no duty to pay any judgment against Defendant Rusch in the underlying action CV-05-93.

**B.    Barbour County Historical Preservation Authority's Claims Against Jack J. Rusch Do Not Constitute An Occurrence and Do Not Evoke Coverage for Defense or Indemnity**

Section I, Coverage A of the Auto-Owners Commercial General Liability Coverage expressly states that the insurance applies to bodily injury and property damage only if the

---

[1]Defendant, Barbour County Historical Preservation Authority was previously dismissed from this action based on its stipulation to be bound by the determination as to Defendant's Rusch's insurance coverage (See, Doc. 15).

bodily injury or property damage is "caused by an occurrence that takes place in the coverage territory" and only if "the bodily injury or property damage occurs during the policy period." An "occurrence" is defined in the Commercial General Liability Coverage of the Auto-Owners Insurance policy as follows:

### SECTION V - DEFINITIONS

* * *

9.    "Occurrence" means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

Thus, the insuring agreement of the Auto-Owners Insurance policy provides that coverage is only available for damages because of bodily injury or property damage caused by an occurrence (i.e., an accident). The occurrence language in an insurance policy is a fortuity requirement. Allen, Alabama Liability Handbook, § 8-1. Accidental injury or damage is required by definition and the occurrence language is a fundamental and material fact of the insuring agreement. Also, the occurrence or fortuity requirement is contained in the insuring agreement, therefore, the insured has the burden of proving by substantial evidence that its claimed loss or damage falls within the coverage of the policy. State Farm Fire and Casualty Ins. Co. v. Shady Grove Baptist Church, 838 So. 2d 1039 (Ala. 2002). Moreover, and as set forth in the following section, Exclusion 2.a. further provides that the insurance does not apply to bodily injury or property damage expected or intended by the insured.

In determining whether allegations relating to the sale and financing of motor vehicles should be viewed as an "occurrence" as defined in an Auto-Owners policy, this Court held in Auto-Owners Ins., Co., v. Toole, 947 F. Supp. 1557 (M.D. Ala. 1996), that

13

"the court should look to the kind of claim being asserted regardless of its label." Id. at

1546. The court in Toole stated:

> [I]n determining whether there is coverage, the court should look to the specific 'kind of ... claim' being asserted, regardless as to whether it is labeled a contract claim, a tort claim, or whatever, and the 'purpose of the general liability policy' from which coverage is sought. City of Burlington, 655 A.2d at 722.

> Here, counts ten and eleven are based on the sale and financing of motor vehicles. As stated, the counts essentially assert claims arising out of a business dispute, albeit in the context of a consumer contractual transaction. The court believes that the following comments best explain why the events giving rise to the counts should not be viewed as occurrences: 'To allow indemnification under the facts presented here would have the effect of making the insurer a sort of silent business partner subject to great risk in the economic venture without any prospects of sharing in the economic benefit. The expansion of the scope of the insurer's liability would be enormous without corresponding compensation.
> \*\*\*
> It is apparent from a reading of the policies between Auto-Owners and Toole that they were not intended to cover business transactions and business ventures, of a consumer nature or of another kind.

> \*\*\*

> There is simply no reason to expect that such a liability would be covered under a comprehensive liability policy which has, as its genesis, the purpose of protecting an individual or entity from liability for essentially accidental injury to another individual, or property damage to another's possessions." Id. at p. 1546.

In Toole, the Court held that allegations relating to the sale and financing of motor

vehicles did not constitute an "occurrence". Id. Similarly, in Auto-Owners v. American

Central, the Alabama Supreme Court held "that although the claims in the underlying action

14

alleged both intentional and unintentional acts, those claims were not severable so as to obligate the [insurer] to provide a defense as to some claims but not as to others." Id. at 1082. In Auto-Owners v. American Central, the Alabama Supreme Court considered the applicability of an exclusion for bodily injury or property damage arising out of sexual molestation, corporal punishment or physical or mental abuse. The Alabama Supreme Court held that all claims arose out of physical or mental abuse, therefore, coverage was not owed even though the complaint alleged negligent acts, wanton conduct and assault and battery. Id. at 1081. In Auto-Owners v. American Central, supra, the Alabama Supreme Court cited Board of Education v. Continental Insurance Co., 198 A.D. 2d 816, 604 N.Y.S. 2d 399 (1993), and stated parenthetically that "allegations that [a] school district failed to stop or prevent certain conduct do not change [the] gravamen of [the] complaint from intentional acts to negligence." Id.

Recently, Chief Judge Fuller held that if claims in an underlying action allege both intentional and unintentional acts and the intentional claims are not severable from the unintentional claims, the insurance company is not required to defend the insured on the unintentional claims. See, State Auto Property and Casualty Ins. Co. v. Calhoun, 2005 WL 2406055 (M.D. Ala. 2005), quoting, Auto-Owners Ins. Co. v. American Central Ins. Co., 739 So. 2d 1078, 1081 (Ala. 1999); See also, Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 2005 WL 2108550 at *6 (Ala. Sep. 2, 2005) (the facts not the mere assertion of a legal theory determine an insurer's duty to defend where allegations of negligence merely dangle as a cause of action unrelated to any asserted facts).

The claims in the underlying action (CV-05-93) purport to be for declaratory judgment (Count One) and to quiet title or obtain title by adverse possession (Count Two).

The complaint contains allegations regarding the parties' obligation under an inducement agreement and a lease agreement containing an option to purchase property. See, evidentiary submission Exhibit "1" at ¶'s 11, 23 and 27. The complaint alleges Rusch sold equipment and fixtures on the property, collected rent after the termination of the lease. See, evidentiary submission Exhibits "1" at ¶'s 41, 42 and 46. The complaint requests the court to declare the lease terminated, the Barbour County Historical Preservation Authority owner of the property and/or that Rusch breached the lease causing the lease to terminate. See, evidentiary submission Exhibit "1" at ¶56(C)(1), (4), (6) and (7).

Under Alabama law, breach of contract does not constitute an occurrence. See, Gary C. Wyatt v. Reliance Ins. Co., 540 So. 2d 688, 690, 691 (Ala. 1988); see also, Ajdarodini v. State Automobile Ins. Co., 628 So. 2d 312 (Ala. 1993). Furthermore, and as stated in the preceding section, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and purported economic loss or damage to intangible property is not "property damage" as defined in the policies. Also, the Commercial General Liability Coverage contains a contractual liability exclusion [exclusion 2.b. deleted and replaced by endorsement 55069 (1-88)]. Allegations of conspiracy to wrongfully acquire real estate are not covered by a general liability policy. See, State Auto v. Calhoun, supra. Also, under Alabama law, "conversion is an intentional tort". Johnson v. Northpointe Apartments, 744 So. 2d 899, 904 (Ala. 1999). The occurrence language in an insurance policy is a fortuity requirement. Allen, Alabama Liability Insurance Handbook, §8-1. Accidental injury or damage is required by definition and the occurrence language is a fundamental and material fact of the insuring agreement. The type contractual breaches and wrongful conduct regarding obligations and actions concerning the title to

16

the subject real property and the equitable or legal relief sought by the Barbour County Historical Preservation Authority which is the subject of the Barbour County Historical Preservation Authority's claims do not, as a matter of law, constitute an occurrence.

At the outset of this section, Auto-Owners set forth statements of this Court in Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 1557 (M.D. Ala. 1996), supporting a finding by this Court that the claims of the Barbour County Historical Preservation Authority do not constitute an "occurrence" and that there is no insurance coverage for the claims against Jack J. Rusch in CV-05-93. In Auto-Owners Insurance Company v. Gilland-Wyant Imports, Inc., Civil Action No. 99-A-403-S, Judge Albritton, relying in part on Toole, held that claims relating to the financing, title and liens on vehicles did not fall within the identical policy definition of an "occurrence". In Auto-Owners v. Gilland-Wyant, Judge Albritton stated:

> So, to require Auto-Owners to defend the Gilland-Wyant Defendants in the underlying state court action would make Auto-Owners a silent business partner without any possibility of reward. Making Auto-Owners liable would essentially 'distort the purpose of the liability insurance [policy] in this case... .' Toole, 947 F. Supp. at 1564. General Liability insurance covers accidental injury or property damage, not business disputes, whether intentionally or negligently caused. Consequently, the Court finds that the claims alleged in the underlying state court action in Counts One through Seven do not fall within the policy definition of an ' occurrence'. Accordingly, the claims fall outside the scope of coverage and Auto-Owners' motion for summary judgment is due to be granted... .'

See, evidentiary submission Exhibit "13". See also, Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 2005 WL2108550 at *6 (Ala. Sep. 2, 2005) (allegations that a bank had taken control of property and money of Plaintiff did not constitute an accident or occurrence that would trigger a duty to defend).

17

The claims of the Barbour County Historical Preservation Authority in the underlying action simply do not allege an 'occurrence' (i.e., an accident) as defined in the Auto-Owners insurance policies and judgment as a matter of law is, therefore, due to be entered in favor of Auto-Owners Insurance Company.

**C.    Barbour County Historical Preservation Authority's Complaint Does Not Allege Recoverable Damages Because of Bodily Injury, Property Damage, Advertising Injury or Personal Injury**

The Auto-Owners Commercial General Liability coverage only provides coverage for damages because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies as defined and limited in the particular coverage contained in the policies. Previously set forth in this brief are pertinent sections of the Auto-Owners' policies quoting the liability coverages contained therein. See, p. 5-10, *infra*; see also, evidentiary submission Exhibits "2"-"12". Not only does the Barbour County Historical Preservation Authority's complaint in CV-05-93 not allege an "occurrence" as set forth above, the complaint also does not appear to allege a damage that could be covered under any liability coverage contained in the Auto-Owners policies. The causes of action set forth in the complaint in the underlying action are denominated as an action for declaratory judgment (Count One) and an action to quiet title and/or acquire title by adverse possession (Count Two). See, evidentiary submission Exhibit "1" at ¶'s 43, 47 and 49; see also, §§6-6-220 and 6-6-540, Code of Alabama, 1975. These causes of action are equitable in nature and are not for sums the insured may be "legally obligated to pay as damages." Even if these causes of action and/or any claims alleged in the underlying action could be construed to seek the recovery of damages, the damages alleged in the

18

Barbour County Historical Preservation Authority's complaint in CV-05-93 are in the nature of purely economic losses or damages to intangible property which do not, as a matter of law, fall within the definition of property damage.  See, American States Ins. Co. v. Martin, 662 So. 2d 245 (Ala. 1995).[2]

In Auto-Owners Ins. Co. v. Toole, supra, this Court considered a declaratory judgment action regarding coverage under a similar Auto-Owners policy for state law claims relating to the sale and financing of automobiles.  Granting summary judgment in favor of Auto-Owners and finding that the complaint in the underlying action did not allege "property damage" within the meaning of the policies, the Court stated:

* * *

[T]he court also agrees with Auto-Owners that the claims in counts ten and eleven do not involve "property damage" within the meaning of the policies.  "Property damage" means "[p]hysical injury to tangible property, including all resulting loss of use of that property ... [or] [l]oss of use of tangible property that is not physically injured." The Alabama Supreme Court has accepted the following definitions of "tangible property" and "intangible property":

" 'Tangible property is that which may be felt or touched; such property as may be seen, physical senses; that which is visible and corporeal; having substance and body as contrasted with incorporeal property rights such as franchises, choses in action, copyrights, the circulation of a newspaper, annuities and the like.  Tangible property must necessarily be corporeal, but it may be either real or personal.

" 'Intangible property is property which has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, promissory

---

[2] It is undisputed that the complaint in CV-05-93 does not allege bodily injury caused by an "occurrence", or an advertising injury or personal injury offense and thus, does not claim damages because of bodily injury, advertising injury or personal injury.

notes, and franchises. Intangible property is quite different in nature from corporeal property, and there is an obvious distinction between tangible property and intangible property. Intangible property is held secretly; that is, it cannot be readily located, and there is no method by which its existence or ownership can be ascertained in the state of its situs, except, perhaps, in the case of mortgages or shares of stock. The value of intangible property is not easily ascertained.'"

American States Ins. Co. v. Martin, 662 So. 2d 245, 248 (Ala. 1995) (quoting 73 C.J.S. Property § 15 at 184 (1983)). Because the damages that the state plaintiffs seek pursuant to counts ten and eleven are not for injury to tangible property, that is property "which may be felt or touched," the damages are not included within the definition of tangible property.

Thus, this Court held in Toole that similar events "should not be viewed as 'occurrences'", and did "not involve 'property damage,' within the meaning of the policies." See, Toole, 947 F. Supp at 1564. The underlying claims of Barbour County Historical Preservation Authority simply do not allege property damage as defined in the policy. American States v. Martin, 662 So. 2d 245 (Ala. 1995) is absolute authority based on sound Alabama Supreme Court precedent that any purported economic loss or damage to intangible property by the Barbour County Historical Preservation Authority are not "property damage" as defined in the policies.

In American States v. Martin, 662 So. 2d 245 (Ala. 1995) the Alabama Supreme Court held that loss of security instruments on real property in which funds were invested and on which second mortgages were held was not a loss of "tangible property" and noted that the complaint did not allege the property was physically damaged. See, id. at 249. A similar conclusion was reached by the Eleventh Circuit in an unpublished opinion in Auto-Owners Ins. Co. v. Gilland-Wyant Imports, Inc., 247 F. 3d 248 (11th Cir. 2001) where the Eleventh Circuit held that loss of economic value related to a car dealership's falsified

20

paperwork on vehicles did not qualify as "property damage". A copy of the district court opinion and appellate court opinion are attached as Exhibit "13" to Auto-Owners evidentiary submission.

The complaint in CV-05-93 in essence seeks a declaration of property rights and to void a lease, conveyance or agreement regarding the property, and perhaps seeks compensatory and punitive damages for interference with an inchoate right of title to property. This is not damage to tangible property. The Auto-Owners insurance policies are clear that coverage is not triggered unless there are allegations of bodily injury or property damage caused by an occurrence. The underlying complaint in CV-05-93 does not make claims for bodily injury or property damage as defined in the Auto-Owners insurance policies. Any damages alleged by the Barbour County Historical Preservation Authority such as lost rent, lost benefit of bargain, lost mortgage interest, or other interest in property are non-covered economic losses. See, e.g., evidentiary submission Exhibit "1" at ¶'s 22 and 24. The Alabama Supreme Court and this Court have held that the loss of money does not qualify as property damage. See, Thorn v. American States Ins. Co., 266 F. Supp. 2d 1346 (M.D. Ala. 2002), quoting, American States Ins. Co. v. Martin, 662 So. 2d 245 (Ala. 1995). Judgment as a matter of law in favor of Auto-Owners is, therefore, due to be granted because the claims, damages, allegations and/or actions alleged in the underlying actions are not for a covered damage.

## D.   The Auto-Owners Policies Do Not Provide Coverage for Bodily Injury or Property Damage Expected or Intended by the Insured

As stated above Section III. B. of this brief, the subject Auto-Owners policies of insurance define "occurrence" as an accident, including continuous or repeated exposure

21

to substantially the same general harmful conditions. Section I, Coverage A, Exclusion 2.a. of the Commercial General Liability Coverage also specifically states that "this insurance does not apply to bodily injury or property damage expected or intended from the standpoint of the insured". Auto-Owners previously set forth at length in this brief the case law supporting a finding that the claims in the underlying action do not constitute an "occurrence" (i.e. an accident) and/or are excluded by the foregoing Exclusion 2.a. of the insurance policy. See, p. 13-18, *infra*.

Auto-Owners also previously cited this Court's opinion in State Auto Property and Casualty Insurance Company v. Calhoun, 2005 WL 2406055 (M.D. Ala. 2005), wherein this Court considered allegations relating to the transfer and acquisition of title to real property and held that the gravaman of the claims were intentional acts which were excluded, and that the unintentional claims were non-severable and also excluded by the policy language excluding defense of claims based on intentional acts. See, id at p. 14-15. The claims in the underlying action (CV-05-93) relate to affirmative acts by Defendant Rusch which are necessarily "expected or intended" and excluded from the coverage of the insurance policy. See, id. at p. 13.

**IV**

## ALTERNATIVELY, JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT IS DUE TO BE ENTERED IN FAVOR OF AUTO-OWNERS

If the Court, for any reason, determines that a judgment by default in favor of Auto-Owners declaring that Auto-Owners has no duty to defend Defendant Rusch and no duty to pay any judgment against Defendant Rusch in the underlying action is not appropriate, Auto-Owners alternatively requests the Court to enter judgment on the pleadings or

summary judgment in favor of Auto-Owners.

A judgment on the pleadings under Rule 12(c), *Federal Rule of Civil Procedure* is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Hawthorne v. Mac Adjustment, Inc., 140 F. 3d 1367, 1370 (11th Cir. 1998); Horsley v. Rivera, 292 F. 3d 695 (11th Cir. 2002); Jones v. Law Firm of Hill and Ponton, 223 F. Supp 2d 1284 (M.D. Fla. 2002). In determining whether to grant a judgment on the pleadings, the courts accept the allegations in the complaint as true and otherwise views the allegations in a light most favorable to the non-movant. Linder v. Portocarrero, 963 F. 2d 332, 334 (11th Cir. 1992).

When matters outside the pleadings are considered, then the motion for judgment on the pleadings must be treated as a motion for summary judgment. Rule 56 of the *Federal Rules of Civil Procedure* concerning summary judgment states, in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The Eleventh Circuit has followed the direction provided by Rule 56 saying, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). An issue of material fact is "genuine" only if "a reasonable trier of fact, considering the record evidence, could find for the non-moving party." Lee v. Etowah County Bd. Of Educ., 963 F.2d 1416, 1425 (11th Cir. 1992). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995); Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995). A party may not defeat a motion for summary judgment simply by restating the allegations of the pleadings. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A court ruling on a motion for summary judgment must believe the evidence of the non-movant and draw all justifiable inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis by the Court). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Id. at 249. A fact is not material unless it is identified by the controlling substantive law as an essential element of the non-moving party's case. Id. at 248. In this regard, "[i]t should be noted that conclusory allegations based on mere subjective beliefs do not create a genuine issue of material fact." Carter v. Miami, 870 F.2d 578, 585 (11th Cir. 1989); Ramsey v. Leath, 706 F.2d 1166, 1170 (11th Cir. 1983). See also, Earley v. Champion International Corp., 907 F.2d 1077, 1081 (11th Cir. 1990) (collecting cases).

24

"An insurance company's duty to defend its insured from suit is usually determined by the language of the insurance policy and by the allegations in the complaint filed against the insured." Auto-Owners Ins. Co. v. Toole, 947 F. Supp 1557 (M.D.Ala. 1996) (quoting, Alfa Mutual Ins. Co. v. Morrison, 613 So. 2d 381, 382 (Ala. 1993)); see also, Thorn v. American States Ins. Co., 266 F. Supp.2d 1346 (M.D. Ala. 2002); Ladner & Co., Inc. v. Southern Guaranty Ins. Co., 347 So. 2d 100, 102 (Ala. 1977). Insurance companies have the right to limit their liability. See Aetna Ins. Co. v. Pete Wilson Roofing & Heating Co., Inc., 289 Ala. 719, 272 So. 2d 232 (Ala. 1972). Under Alabama law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy. See Colonial Life & Acc. Ins. Co. v. Collins, 194 So. 2d 532, 535 (Ala. 1967). If there is no ambiguity, an insurance contract must be enforced as written, and courts should not defeat expressed provisions in a policy, including exclusions from coverage, by making a new contract for the parties. See, Altiere v. Blue Cross and Blue Shield, 551 So. 2d 290, 292 (Ala. 1989).

In this case the facts alleged, and the evidentiary submission based on the pleadings and the insurance policy are uncontroverted, and default has been entered thereon. For the same reasons set forth in the preceding sections of this brief regarding default judgment, judgment on the pleadings or summary judgment is, alternatively, appropriate and due to be entered in favor of Auto-Owners if the Court believes for any reason that default judgment in favor of Auto-Owners is not appropriate. Judgment on the pleadings or summary judgment is, therefore, alternatively due to be entered declaring that Auto-Owners has no duty to defend Defendant Rusch in the underlying action, CV-05-93. Because Defendant's default has been entered, the facts are uncontroverted, and there

has been no opposition by any party regarding a finding by the Court as to Auto-Owners' obligation to indemnify, Auto-Owners further requests that the Court's judgment not only declare that Auto-Owners has no duty to defend, but also declare that Auto-Owners has no duty to pay any judgment based on the claims stated in the complaint in the underlying action.

## V.

## OTHER DEFENSES TO COVERAGE

In addition to the foregoing, Auto-Owners has set forth in Auto-Owners' Complaint for Declaratory Relief and Judgment additional secondary reasons compelling a finding of no coverage for defense or indemnity under the Auto-Owners policies. In setting forth the grounds herein, which Auto-Owners asserts are fully dispositive of this action, Auto-Owners does not waive any other grounds set forth by Auto-Owners in support of its Complaint for Declaratory Relief and Judgment and which support Auto-Owners' motion for judgment by default, or alternative motion for judgment on the pleadings or summary judgment.

## VI.

## CONCLUSION

For the reasons set forth in the foregoing brief and in Auto-Owners Insurance Company's Motion for Judgment By Default or, in the alternative, Motion for Judgment on the Pleadings or Summary Judgment, Auto-Owners requests this Honorable Court to enter a judgment by default in favor of Auto-Owners pursuant to Rule 55 of the *Federal Rules of Civil Procedure* or, in the alternative, to enter judgment on the pleadings in favor of Auto-Owners pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure* or summary

judgment in favor of Auto-Owners pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* and against Defendant, Jack J. Rusch for the relief demanded in Auto-Owners complaint for declaratory relief and judgment.

Date this the ___27 th___ day of ___June___, 2006.

_____
ROGER S. MORROW, MOR032

_____
JOEL H. PEARSON, PEA019
Attorneys for Plaintiff, Auto-Owners
Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Facsimile:  (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the __27 th__ day of ___June___, 2006.

Mr. Jack J. Rusch
114 North Eufaula Avenue
Eufaula, AL 36027

Mr. Jack J. Rusch
400 Rusch Road
Antigo, WI 54409-2957

27

Mr. Jack J. Rusch
104 East Broad Street
Eufaula, AL 36027

_____
Of Counsel