IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
AUTO-OWNERS INSURANCE        )
COMPANY, etc.,               )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )      2:06cv123-MHT
                             )
JACK J. RUSCH and            )
BARBOUR COUNTY HISTORICAL    )
PRESERVATION AUTHORITY,      )
a Corporation,               )
                             )
     Defendants.             )
```

ORDER

Upon consideration of plaintiff's motion for default judgment, alternative motion for judgment on the pleadings, and alternative motion for summary judgment (doc. no. 19), it is ORDERED that the motions are set for submission, without oral argument, on July 26, 2006. The other parties are to submit their briefs and evidentiary materials by said date.

The parties should take special note that one of the motions to be considered by the court is a motion for

summary judgment. In responding to a motion for summary judgment, the parties should pay particular attention to the provisions of Rule 56(e) of the Federal Rules of Civil Procedure. That rule states, in pertinent part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Parties representing themselves without counsel should be particularly aware of the requirements of the rule. A party opposing a motion for summary judgment cannot rely on his pleadings but must oppose the motion by filing sworn affidavits that demonstrate that there is a genuine issue of material fact for trial in this case.[1]

---

1. An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or
(continued...)

**Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[2] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those documents must be attached to the affidavits or served with them.**

**Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in the court granting the motion and entering final judgment in favor of the moving party without there being a trial.**

**DONE, this the 29th day of June, 2006.**

                                                     **/s/ Myron H. Thompson**
                                              **UNITED STATES DISTRICT JUDGE**

---

**(...continued)
other authorized officer.**

    **2. If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.**